[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on December 1, 1979 at Winooski, Vermont. There are three minor children issue of this marriage, to wit: Eric M. Miller born September 1, 1981, Sarah J. Miller born January 20, 1984 and Christina L. Miller born August 13, 1985.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
The plaintiff wife shall have custody of the minor children and the defendant husband shall have reasonable rights of visitation.
In addition, the court has taken into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the defendant husband in and to the real property known as 297 Highland Avenue, Wallingford, Connecticut is hereby assigned to the plaintiff wife subject to the existing first and second mortgages, which mortgages shall be the sole obligation of the plaintiff wife and she shall indemnify and hold the defendant husband harmless therefrom. The defendant husband shall vacate said premises within 10 days of the date hereof.
2. All of the contents of the real property referred to above shall be the sole and exclusive property of the plaintiff wife except for the clothing and personal belongings of the defendant husband and any furniture and furnishings that the plaintiff wife chooses to give to him.
3. The defendant husband shall pay the sum of $60 per week for the support of each of the minor children until the child reaches the age of majority or is sooner emancipated. Said support shall be payable by way of an immediate wage withholding.
4. The defendant husband shall pay to the plaintiff wife the sum of $1.00 per year as periodic alimony until the death of the defendant husband, the death or remarriage of the plaintiff wife of the eighteenth birthday of the youngest child, whichever CT Page 352 event shall first occur.
5. All of the right, title and interest of the defendant husband in and to the 1986 Oldsmobile is hereby assigned to the plaintiff wife subject to the existing loan thereon which shall be the sole obligation of the plaintiff wife and she shall indemnify and hold the defendant husband harmless therefrom.
6. The plaintiff wife shall, at the option of the defendant husband, continue to maintain any health insurance available to her through employment for the benefit of the defendant husband for so long as she is permitted to do so under the terms of the underlying policies, and/or pursuant to any state or federal law; provided, however, that any additional premium occasioned thereby shall be reimbursed to the plaintiff wife by the defendant husband on a weekly basis and shall be paid with the child support payments.
7. The plaintiff wife shall continue to maintain the presently existing health insurance available to her through her employment for the benefit of the minor children. Any cost of such insurance attributable to said children shall be reimbursed to the plaintiff wife by the defendant husband on a weekly basis and shall be paid with the child support payments. The defendant husband may, at his option, or shall, if such insurance is no longer available to the plaintiff wife, provide equivalent health insurance for the minor children at his own cost and expense. In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid equally by the plaintiff wife and the defendant husband provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84(c) of the Connecticut General Statutes.
8. Any capital gains tax. whether state or federal, due on the sale of the parties' one-family home that was located in West Haven shall be the obligation of such party and in such proportion as the law provides, and each shall indemnify and hold the other harmless from their portion of such liability.
9. Except as expressly provided herein, the defendant husband shall be responsible for and shall indemnify and hold the plaintiff wife harmless from all of the liabilities shown in Sec. 3 of the financial affidavits of both of the parties filed with this court on July 23, 1990.
10. The purpose of the indemnity provisions contained in CT Page 353 paragraphs 8 and 9 hereof is to further provide for the future support of the plaintiff wife and the minor children.
11. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on July 23, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
12. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE